# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TARA GRAHAM, | § | |
| | § | |
| Appellant, | § | |
| | § | CIVIL ACTION NO. H-07-2279 |
| v. | § | |
| | § | CIVIL ACTION NO. H-07-2878 |
| DAVID WAYNE KLEB, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM AND OPINION

These cases are appeals by a judgment creditor from the bankruptcy court's order sustaining the debtor's homestead exemption in undeveloped rural property. The bankruptcy court overruled the creditor's objection to the claimed homestead objection and confirmed the chapter 13 plan over the creditor's objection. For the reasons set out in detail below, this court finds that the record supports the bankruptcy court's findings and conclusions. The bankruptcy court's orders are affirmed and this appeal is dismissed.

## I.    Background

Graham obtained a $125,000 judgment in state court against Kleb in November 2004. Graham abstracted the judgment in February 2005. In December 2006, Kleb filed for bankruptcy under chapter 13. He did so shortly before the constable was to sell Kleb's 4/15 interest in unimproved real property in Rosehill, Texas, near Tomball, Texas. In his bankruptcy schedules, Kleb listed the property as his homestead.

At an evidentiary hearing on whether the property was Kleb's homestead, Kleb was the only witness.  He testified that the property was 28 acres located just outside the city limits of Tomball.  Kleb inherited his 1/4 interest in the property with his three siblings when his father died in 1999.  The property has been in Kleb's family for four generations.  Kleb testified that there is no water or sewage service to the property and no storm drainage other than the creek.  Fire and law enforcement are provided by the Rosehill Volunteer Fire Department and the Harris County Sheriff's Department.  The only improvements on the property are dirt roads that lead to places to hold barbecues and family gatherings, six deer blinds, and a small cabin that is in disrepair.  A perimeter fence surrounds the property and there is a partition fence in the property.  There is a vegetable garden.

Kleb personally built the six deer blinds and, with his siblings, has put in roads, helped maintain the fence, and has shared the expenses of supplies and taxes.  He has helped maintain the small house on the property.  The property is frequently used by Kleb and members of his immediate and extended family for hunting; for family gatherings; for overnight camping (outdoors, not in the cabin); for fishing; and for gardening.  The family consumes what it grows, catches, and kills.  There is an agricultural exemption on the property.

Kleb testified that he has used the property for hunting, fishing, growing vegetables, camping, and family gatherings since he was a small child.  He testified that it was always his intent to live on the property. From 1999 to 2004, he owned and lived in a Houston house that had previously belonged to his parents.  He has owned no other real estate since

February 2005 (the date the judgment was abstracted).  He lives with his daughter during the weekends and shares an apartment with a friend the rest of the week.  He admitted that he has no specific plans prepared to build a house on the property but intends to do so as soon as his finances permit, within the next four or five years.  A cousin currently lives on the property on a house he has built.  Kleb did not file any document claiming the property as his homestead until he filed this bankruptcy proceeding, testifying that he "didn't feel a need to so because it was within the family."  (Docket Entry No, Ex. 3, p. 25).

## II.    The Standard of Review

A district court, in reviewing the findings of a bankruptcy court, acts in an appellate capacity.  *In re Webb*, 954 F.2d 1102, 1103 & n.1 (5th Cir.1992).  Conclusions of law are reviewed *de novo*.  *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir.1989); *In re Argo Financial, Inc.*, 337 F.3d 516, 521–22 (5th Cir.2003).  A finding of fact, however, may be disregarded only if it is clearly erroneous.  *In re Barron*, 325 F.3d 690, 692 (5th Cir.2003).  The bankruptcy judge's opportunity to make first-hand credibility determinations entitles its assessment of the evidence to deference.  *Firstbank v. Pope*, 141 B.R. 115, 118 (E.D. Tex.1992), aff'd, 979 F.2d 1534 (5th Cir.1992).  The district court must not weigh the evidence anew but rather determine whether the evidence supports the bankruptcy court's findings and set them aside only if there is a "definite and firm conviction that a mistake has been committed."  *In re Dennis*, 330 F.3d 696, 701 (5th Cir.2003); *see also In re Perry, 345 F.3d 303*, 308–09 (5th Cir. 2003); *In re Williams*, 337 F.3d 504, 508–09 (5th Cir.2003).

## II.    Analysis

### A.      The Burden of Showing a Homestead Exemption

A judgment lien that has been properly abstracted cannot attach to a homestead as long as the property remains homestead. *The Cadle Co. v. Harvey*, 46 S.W.3d 282, 285 (Tex. App.–Fort Worth 2001, pet. denied); *Parks v. Buckeye Retirement Co., L.L.C.*, No. H-05-3524, 2006 WL 1662945, at *3 (S.D. Tex. June 9, 2006).  Under Texas law, a claimant may establish homestead rights in his land by showing both (i) overt acts of homestead usage and (ii) the intention on the part of the owner to claim the land as a homestead.  *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314 (Tex. Civ. App.–Houston 1983, writ ref'd n.r.e.); *In re Niland*, 825 F.2d 801, 806–07 (5th Cir.1987). Once the claimant has made a *prima facie* case in favor of homestead status, the objecting party has the burden of demonstrating that the homestead rights have been terminated. Bankr.R. 4003(c); *In re Rubarts*, 896 F.2d 107, 110 (5th Cir.1990); *In re Niland*, 825 F.2d at 808.  Graham argues that Kleb failed to show that the property was his homestead.

Neither the Texas Constitution nor the Property Code defines "homestead" with specificity.  Section 50 of article XVI shields homesteads from forced sale, providing generally that "[t]he homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts. . . . " Tex. Const. art. XVI, § 50.  Section 51, in turn, restricts the maximum size of a protected homestead, limiting rural

and urban homesteads by acres of land and including any land-based improvements.[1]  The

Texas Property Code describes a homestead as a home or a home and business with certain

acreage limitations with any "improvements thereon."[2]

---

[1]. Tex. Const. art. XVI, § 51. Section 51 states in pertinent part:

The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land, together with any improvements *on the land;* provided, that the homestead in a city, town or village shall be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business, of the homestead claimant....

(Emphasis added).

[2] The Property Code recognizes a general homestead exemption from creditors, TEX. PROP. CODE § 41.001(a), and defines homestead as follows:

(a) If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.

(b) If used for the purposes of a rural home, the homestead shall consist of:

(1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or

(2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

(c) A homestead is considered to be urban if, at the time the designation is made, the property is:

(1) located within the limits of a municipality or its extraterritorial jurisdiction or a platted subdivision; and

(2) served by police protection, paid or volunteer fire protection, and at least three of the following services provided by a municipality or under contract to a municipality:

(A) electric;

The long-standing rule in Texas is that absent actual physical occupancy of the property, intent to homestead must be accompanied by an overt act that evidences that intent. *Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155, 158–59 (Tex.App.–Dallas 1992, writ denied).   The homestead character of property can be established before occupancy when the owner intends to improve and occupy the premises as a homestead.  *See In re Leonard*, 194 B.R. 807 (Bankr. N.D. Tex.1996) (finding an intent to maintain urban homestead, despite fact that family moved to rural area temporarily, evidenced by keeping urban address, receiving mail, and having calls to urban phone number forwarded to rural number); *Brown v. Brown*, 191 B.R. 99 (Bankr. N.D. Tex.1995) (denying homestead exemption where, at time petition was filed, debtor and spouse had made no repairs to the property or taken any other overt steps to evidence their intent to move into the supposed homestead); *Wilcox v. Marriott*, 103 S.W.3d 469 (Tex.App.–San Antonio 2003, pet. denied) (holding that overt acts of usage and intent to claim as homestead are necessary to establish a homestead right);

_____

(B) natural gas;

(C) sewer;

(D) storm sewer; and

(E) water.

(d) The definition of a homestead as provided in this section applies to all homesteads in this state whenever created.

Tex. Prop. Code § 41.002 (emphasis added).

*National Loan Investors, L.P., v. Taylor*, 79 S.W.3d 633 (Tex.App.–Waco 2002, pet. denied) (holding that possession and use of the land by owner satisfies elements needed to establish a homestead).  The intent element is more difficult to satisfy in situations in which the homestead claimant does not already reside on the property.  *See Brown*, 191 B.R. 99 (finding an insufficient showing of intent to return to homestead where wife's former single adult homestead had been leased and put up for sale and no overt preparations for return were in evidence).  Making minor improvements to the property or maintaining existing improvements may be persuasive evidence of intent to homestead.  *Simank v. Alford*, 441 S.W.2d 234 (Tex. Civ. App.–Austin 1969, writ ref'd n.r.e.) (painting existing house and repairing the porch and roof was sufficient evidence to support homestead claim).

Graham argues that Kleb failed to show a proof of intent to occupy and use the property as his home, as opposed to "a hunting preserve."  Graham cites *Farrington v. First National Bank of Bellville*, 753 S.W.2d 248, 250 (Tex. App.–Houston [1st Dist.] 1988, writ denied), as support for the proposition that to establish a homestead exemption on unoccupied land, the owner must have a present intent to occupy and use the premises in a "reasonable and definite time in the future" and must have "made such preparations toward actual occupancy and use that are of such character and have proceeded to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home."  (Appellant's Combined Brief at 13).  Graham asserts that Kleb's intent to build a home and live on the property as soon as he can afford to do so, within five or so

years, is indefinite and that there are insufficient signs of preparation for such actual occupancy to support a homestead.

In *Farrington*, the party asserting the homestead exemption filed an affidavit stating that she had received a 17-acre rural tract in a divorce and it was her homestead.  She stated that she had a house in the town that she lived in until she could afford to build on the rural property.  The court found that there was a fact issue as to the homestead claim and reversed the trial court's grant of summary judgment finding no homestead.  The appellate court cited as evidence of a homestead that the property owner had repaired fences, put up a storage building, pastured a mare and colt, picked out a home site, planted and mowed hay crops, camped in her car on approximately 20 occasions, and gathered friends on the property.  *Id.*

This result is consistent with the fact that, as the Fifth Circuit recently held, "homesteads are favorites of the law, and are liberally construed by Texas courts."  *In re Perry*, 345 F.3d 303, 316–18 (5th Cir. 2003).  The result is also consistent with cases holding that merely testifying that at some future time the property owner intends to reside  on the property as a homestead is insufficient, without evidence of overt acts.   *Gilmore v. Dennison*, 115 S.W.2d 902, 902 (Tex. Comm'n App. 1938) (man expressed desire to make property his homestead, but inaction over several years negated the homestead claim); *Barnes v. Jones*, 118 S.W.2d 647, 648 (Tex. Civ. App.–Austin 1938, no writ) ( preparation of a sketch of a building to be built in the future insufficient to impress a homestead right on the land).  In *Farrington v. First Nat'l Bank of Bellville*, communication to others of the intent to make property a homestead, coupled with spending nights on the land and putting

stones on the corners where a house would be built in the future, was sufficient evidence of overt action to overcome a summary judgment. *Farrington*, 753 S.W.2d 248.

In cases involving rural unimproved property that is not contiguous to a tract with a residence on it, courts often "presume that activities like cultivating crops, pasturing cows, or chopping wood constitute evidence of support." *PaineWebber v. Murray*, 260 B.R. 815, 830–31 (Bankr. E.D. Tex. 2001). Other courts "suggest that acts on a detached property that contribute to the comfort, enjoyment, or convenience of the residence or the family may also represent distinct enough evidence of a rural purpose." *Id.* (collecting cases). In *PaineWebber*, the court held that a 147-acre tract that was not contiguous to the tract that contained the family residence was also exempt as the homestead because the family chopped wood, farmed, irrigated the land, and built a duck blind. *Id.* Similarly, in *In re Baker*, 307 B.R. 860 (Bankr. N.D. Tex. 2003), the court considered whether a homestead exemption applies to a one-third undivided interest in a 161.5 acre tract that was 5 miles away from a 5-acre tract on which the debtor's residence was located. The evidence showed that the 161.5 acre tract was used for grazing and occasional hunting. The court found that the evidence showed a basis for the homestead exemption, stating:

> If the party claiming rural homestead protection resides on a separate tract of land, the uninhabited property must be used in connection with the home tract for the comfort, convenience, or support of the family. *In re Webb,* 263 B.R. 788, 791–92 (Bankr. W.D. Tex.2001); *Cocke v. Conquest,* 120 Tex. 43, 52, 35 S.W.2d 673, 678 (1931); *Brooks v. Chatham,* 57 Tex. 31, 1882 WL 9451, *2 (Tex.1882). In this case, Baker testified that the land has been used for grazing cattle and for hunting. Whether a tract of land is protected homestead property is a

question of fact.  Texas courts have recognized cattle grazing or hunting, when coupled with some additional usage, as qualifying land as homestead.  *In re Kennard,* 970 F.2d 1455, 1458 (5th Cir.1992) ("raising crops and grazing livestock . . . clearly establishes that the land was used for homestead purposes . . ."); *PaineWebber, Inc. v. Murray,* 260 B.R. 815, 830–32 (E.D. Tex.2001) (holding land as rural homestead where evidence was presented that debtor chopped wood, built a duck blind, irrigated, and farmed or sharecropped the land, and also used land for walking, picnicking, gardening, growing hay, hunting, and cutting wood); *Cocke v. Conquest,* 120 Tex. 43, 35 S.W.2d 673, 676–77 (1931) (imposing rural homestead protection on a non-contiguous tract because the land was used for grazing cattle and farming); *Fajkus v. First Nat. Bank of Giddings,* 735 S.W.2d 882, 884–85 (Tex. App.–Austin, 1987, writ denied) (affirming jury determination of rural homestead protection on a non-contiguous tract because the landowners cleared brush, planted grass, and were grazing cattle on the land).

*In re Baker*, 307 B.R. at 863.

The bankruptcy court credited Kleb's testimony that he had always intended to build a home and live on the property he and his siblings inherited from his parents.  The evidence of Kleb's use of the land is consistent with this testimony.  Kleb has for years maintained and improved the land.  He has built and maintained fences, roads, and hunting blinds.  He has grown vegetables and eaten what he grew.  He has camped out on the land on numerous occasions over the years.  He and his family have had frequent gatherings on the property.  Kleb's testimony as to the work he did to improve the land and the use of the land is consistent with his testimony that he intended to build a home on the land.  This testimony shows that Kleb intended to live on the land as his homestead and shows overt acts evidencing this intent, including maintaining, improving, and using the land for food and

recreation.  The evidence showed that Kleb had not claimed any other property as his homestead.  He owned a home in Houston from 1999 to 2004 that he purchased it from his parents' estate and did not claim it as a homestead.  Since 2004, Kleb has lived part-time in a friend's apartment and part-time with his daughter.

The fact that Kleb did not claim the rural property as his homestead before the bankruptcy is not dispositive.  *See Norman v. First Bank and Trust, Bryan*, 447 S.W.2d 797, 801 (Tex. Civ. App.–Houston [1st Dist.] 1977, writ ref'd n.r.e.) ("When homestead are once shown to exist in the property, they are presumed to continue."); *see also* 43 TEX. JUR. 3D § 92 (2007) ("The homestead exemption is a right brought into existence when the conditions necessary for its creation come into existence, and the right continues as long as the necessary conditions continue.").  The critical evidence is of actual use.  *See In re Bradley*, 860 F.2d 502, 507 (5th Cir. 1992) ("In the usual case, mere evidence of 'overt acts of homestead usage' is sufficient to meet this burden [of establishing the homestead exemption]. As long as the claimant can demonstrate that she has used her property for homestead purposes, then the Texas courts will presume that the homestead claimant possesses the requisite intent.").

Giving the appropriate deference to the bankruptcy court's credibility determination and considering the evidence against the applicable provides no basis to reverse the bankruptcy court's determination that Kleb was entitled to claim the homestead exemption for the land at issue.

**IV.     Conclusion**

This court affirms the bankruptcy court's orders overruling Graham's objection to Kleb's homestead exemption and sustaining Kleb's objection to Graham's secured claim, and the bankruptcy court's order confirming Kleb's chapter 13 plan.  This appeal is dismissed.

SIGNED on January 29, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge